IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERILYN BUCKALOO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-282-JFJ |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Motion to Compel Arbitration and Related Motion to Enter Stay (ECF No. 16), filed by Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), against Plaintiff Jerilyn Buckaloo ("Buckaloo"). Buckaloo failed to respond by the required deadline. For reasons explained below, the motion (ECF No. 16) is GRANTED, and the matter is STAYED pending arbitration.

**I.    Background**

In October 2024, Buckaloo entered into a contract with Wal-Mart, whereby she agreed to provide delivery services to Wal-Mart customers as an independent contractor through the Spark Driver Mobile App. *Id.* ¶ 1. *See also* ECF No. 16-1 (Spark Driver Mobile App Terms of Use). As part of the agreement, Buckaloo executed a Dispute Resolution Agreement ("DRA"). ECF No. 16-2. The DRA provides that "any and all disputes between the Parties . . . including . . . disputes arising out of or relating to Contractor's performance of Services," shall be resolved "through final and binding arbitration." *Id.* §§ II.A, II.A.ii. *See also id.* § II.A.ii. ("This Arbitration Provision also applies, without limitation, to . . . all other federal, state, or local statutory and legal claims (including without limitation torts) arising out of or relating to Contractor's relationship with Walmart . . . ."). The DRA further provides that the arbitration provision is governed "exclusively"

by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. *Id.* § II.A. Buckaloo electronically signed the DRA on October 24, 2024. *Id.* at 18 (timestamp of electronic signature).

On May 15, 2025, Buckaloo filed a negligence action against Wal-Mart. ECF No. 2-2. Buckaloo alleges that she was a "business invitee" on Wal-Mart's property when she "tripped . . . and suffered an injury." *Id.* ¶¶ 3-4. On July 23, 2025, Wal-Mart filed the instant motion to compel arbitration and stay the case. ECF No. 16. Wal-Mart claims Buckaloo's injury occurred while she was providing delivery services and is subject to mandatory arbitration under the DRA. *Id.* at 2-3. Pursuant to Northern District of Oklahoma Local Rule 7-1(e), Buckaloo's response was due August 13, 2025. As of August 22, 2025, Buckaloo failed to file a response or seek an extension to file a response out of time.

**II.   Analysis**

This Court treats motions to compel arbitration as dispositive motions. *See Coxcom, Inc. v. Egghead Telecom, Inc.*, No. 08-CV-698-TCK-PJC, 2009 WL 4016629, at *1 (N.D. Okla. Sept. 11, 2009) (holding that motion to compel arbitration was dispositive, in context of determining whether such motion was within magistrate judge's authority under 28 U.S.C. § 636(b)(1)).[1] Even when a dispositive motion is unopposed, the Court still must consider whether the movant's uncontested facts entitle the movant to the requested relief. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (explaining in context of summary judgment that, even when the nonmovant fails to respond, the court must still determine whether the movant met his burden

---

[1] There exists contrary authority. *See, e.g.*, *Wilken Partners, L.P. v. Champps Operating Corp.*, No. 11-cv-1005, 2011 WL 1257480, at *1 (D. Kan. Apr. 4, 2011) ("The district courts that have considered the [n]ature of an order to stay proceedings pending arbitration and to compel arbitration have concluded that these are non-dispositive orders.").

under Federal Rule of Civil Procedure 56).[2]

Under the FAA, a written arbitration provision is deemed "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party "aggrieved" by the "failure, neglect, or refusal of another to arbitrate" may seek relief from a federal district court. *Id.* § 4. The federal court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* In determining whether to enforce an arbitration agreement pursuant 9 U.S.C. § 4, the Court must determine: (1) whether a valid arbitration agreement exists that provides the movant the right to compel arbitration; and (2) whether the parties' dispute falls within the scope of the agreement. *Cavlovic v. J.C. Penney Corp.*, 884 F.3d 1051, 1057 (10th Cir. 2018).

Based on the uncontested record and arguments presented by Wal-Mart, the Court finds: (1) the parties entered into a valid arbitration agreement by entering the DRA, which provides Wal-Mart with the right to compel arbitration; and (2) the parties' dispute falls within the scope of the agreement, as Buckaloo was engaged in the performance of services for Wal-Mart at the time of the alleged accident on Wal-Mart's premises.[3] Buckaloo has failed to contest these facts, and Wal-Mart is entitled to its requested dispositive relief. *See Jackson v. Carter*, No. CIV-23-1048, 2024

---

[2] This is consistent with the Court's local rules, which permit the Court to deem *non-dispositive* motions confessed based on lack of opposition. *See* NDOK LCvR 7.1(e).

[3] In the Complaint, Buckaloo alleges that she was a "business invitee" on the premises. ECF No. 2-2 ¶ 3. In the "Statement of Facts" section of Wal-Mart's motion, Wal-Mart states that Buckaloo was injured on its premises "while providing services as an independent contractor." ECF No. 16 ¶ 4 (citing ECF No. 2-2 ¶ 3)). Buckaloo does not dispute this fact, and the Court deems it confessed for purposes of this Order.

WL 2000666, at *2 (W.D. Okla. May 6, 2024) (granting unopposed motion to compel arbitration based on defendants' submitted evidence where plaintiff failed to respond by required deadline).

The FAA instructs that, upon finding the matter arbitrable, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. 3. Wal-Mart has requested a stay. ECF No. 16 at 3-4. Wal-Mart is therefore entitled to a stay pending completion of the arbitration proceedings.

### III.  Conclusion

Defendant's Motion to Compel Arbitration and Related Motion to Stay (ECF No. 16) is GRANTED, and the case is STAYED pending arbitration. Pursuant to LCvR 41-1, the Court Clerk is directed to administratively close the case pending either an Order of the Court reopening the proceedings, or dismissal of the action with prejudice by stipulation of the parties.

**SO ORDERED** this 22nd day of August, 2025.

*[signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**